**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

**HealthTrackRx Indiana, Inc.**,

    *Plaintiff,*

v.

**RSUI Indemnity Company**,

    *Defendant.*

Civil Action No.: _____

**JURY TRIAL DEMANDED**

## <u>COMPLAINT</u>

Plaintiff HealthTrackRx Indiana, Inc. alleges, through counsel, and for its complaint against defendant RSUI Indemnity Company, as follows:

### <u>The Nature of the Action</u>

1.   This is an insurance coverage and bad faith action arising out of insurer RSUI Indemnity Company's ("RSUI") failure and refusal to provide the full defense coverage owed to its insured HealthTrackRx Indiana, Inc. ("HealthTrackRx") for two pending "**Regulatory Claims**," as that term is defined in the policy at issue in this lawsuit.

2.   Those Regulatory Claims fall within the regulatory coverage provided by the relevant policy issued by RSUI, and trigger RSUI's associated duty to defend HealthTrackRx under the policy.

3.   That much does not appear in dispute - since in response to HealthTrackRx's tender, RSUI agreed to defend and to the selection of counsel.

4.   The dispute here concerns the fact that, under the terms of the policy, and its special regulatory coverage endorsement, RSUI's duty to defend these Regulatory Claims is not subject to a retention and is outside of policy limits.

5.   However, RSUI incorrectly insists that HealthTrackRx must first pay a $250,000 retention to receive its defense coverage, and that RSUI will then only pay the next $250,000 in defense costs.

6.   Under these improper limitations being imposed by RSUI, HealthTrackRx receives only a small fraction of the defense coverage owed under the policy for the Regulatory Claims.  Furthermore, HealthTrackRx improperly has had to wait until the exhaustion of an inapplicable $250,000 retention rather than receiving the immediate and "first-dollar" regulatory claim defense to which it is entitled.

7.   HealthTrackRx alerted RSUI to these errors and to the importance of RSUI correcting itself and providing a full defense.  But RSUI refuses to do so.

8.   Accordingly, HealthTrackRx has been forced to bring this action to establish and enforce RSUI's proper duty to defend the Regulatory Claims.  HealthTrackRx already has incurred significant defense costs which all should have been paid by RSUI (instead of its insured).  HealthTrackRx also brings a bad faith claim to recover its attorneys fees resulting from RSUI's unreasonable conduct requiring this litigation.

**The Parties**

9.   Plaintiff HealthTrackRx Indiana, Inc. is an Indiana corporation with its principal place of business in Denton, Texas.

10. On information and belief, defendant RSUI Indemnity Company is a New Hampshire corporation with its principal place of business in Georgia.

11. On information and belief, at all pertinent times RSUI was doing business within Denton County, Texas and was issuing insurance policies covering activities within Denton, Texas.

**Jurisdiction and Venue**

12. This Court has an independent basis of jurisdiction based upon the complete diversity of the parties, and because the amount in controversy set forth in this complaint exceeds $75,000, exclusive of costs.  *See* 28 U.S.C. § 1332.

2

13. Venue is proper in this District under 28 U.S.C. § 1391 because jurisdiction is based only upon diversity of citizenship and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## General Allegations

14.  HealthTrackRx brings this complaint to resolve a defense coverage dispute with its insurer, RSUI, pertaining to two Regulatory Claims.

15.  Specifically, HealthTrackRx brings this complaint to: (1) determine HealthTrackRx's and RSUI's respective rights and duties with respect to defense coverage for the Regulatory Claims under the relevant RSUI policy's special Regulatory Coverage endorsement; (2) recover damages for RSUI's breach of its duty to defense and other contractual defense coverage obligations to HealthTrackRx; and (3) recover damages associated with RSUI's unreasonable treatment of its duty to defend with respect to attempting to impose a inapplicable $250,000 retention and an inapplicable $250,000 defense costs limit.

## Background Facts

16.  HealthTrackRx is a leading infectious disease lab test company. HealthTrackRx delivers next-morning test results to healthcare providers nationwide, specializing in TR-PCR (Real-Time Reverse Transcription Polymerase Chain Reaction), one of the foremost methods of detecting bacteria or viruses on the molecular level.  For more than 20 years, HealthTrackRx has enabled accurate clinical decisions through its molecular testing platform, advancement in pathogen detection and identification, and leadership in antimicrobial stewardship.

17.  Like most companies operating in the healthcare sector, and with significant billings through government healthcare programs, HealthTrackRx receives significant regulatory oversight.

18.  On or about January 27, 2023, HealthTrackRx received a Regulatory Claim seeking the production of sixteen (including subparts) broad categories of company

documents and twenty-five written interrogatories (the "January Regulatory Claim").  On or about July 5, 2023, HealthTrackRx received a second Regulatory Claim seeking the production of a separate ten (including subparts) categories of company documents and eleven interrogatories (the "July Regulatory Claim").

19.   Addressing and responding to such requests in the healthcare sector requires the retention of experienced counsel, and can be extremely time consuming and expensive, depending on the scope of the inquiry.

20.   Both the January Regulatory Claim and July Regulatory Claim remain pending.

**The RSUI Policy**

21.   As part of its comprehensive risk management strategy, and as a good actor operating in a highly-regulated industry, HealthTrackRx's parent company, PL Parent, LLC, procured and maintained significant industry-specialized insurance coverage for itself and for its subsidiaries.

22.   As part of that program, PL Parent, LCC purchased RSUI Private Company Management Liability Policy Number PP700217, which provided broad primary liability coverage for HealthTrackRx[1] for the period of a least July 19, 2022 to July 19, 2023 (the "Policy"). The Policy and all its terms are incorporated by reference into this complaint.[2]

23.   At all relevant times, the required premiums were paid for the Policy and the Policy was in full force and effect.

24.   One of the most important features of the Policy is that it contains a broad duty to defend as to the Policy's various coverage parts.  The Policy's general terms and

---

[1] The Policy defines "**Insured Organization**" to include PL Parent, LLC and "any **Subsidiary** existing prior to or at the inception date of this policy" (emphasis in original, for this and all policy quotations), which therefore includes HealthTrackRx.

[2] A copy is not attached due to its volume and because it contains some commercially sensitive information.  HealthTrackRx and RSUI both have complete copies of the Policy, and a copy can be provided upon request.

conditions, applicable throughout the Policy, provide, *inter alia*, that "It shall be the right and duty of the Insurer to defend any **Claim** against any **Insured** for which coverage applies under this policy . . ."

25.   Relevant here, the Policy also contains a special Texas - Regulatory Coverage endorsement that makes two significant modifications to the Policy with regard to a Regulatory Claim, such as those here at issue.

26.   First, the endorsement makes clear that coverage is being provided under the Policy for "**Regulatory Claims**," which it defines to include an array of regulatory demands, investigations, and other types of processes and proceedings.  As agreed by RSUI, the January Regulatory Claim and July Regulatory Claim are such "**Regulatory Claims**."  Under the endorsement, *indemnity coverage* for Regulatory Claims is limited to $250,000 excess of a $250,000 retention.

27.   Second, and most important for the coverage dispute at hand, the endorsement moves *defense costs* for Regulatory Claims to *outside* of the retention and to *outside* of policy limits.

28.   Under the Policy, only the defined term "Loss" is subject to a retention and erodes policy limits.  The default under the Policy is to include "Defense Expenses" within the definition of "Loss."  Therefore, for most coverage under the Policy, defense coverage is excess of the retention and erodes policy limits.  But, importantly, the Policy also makes clear that may not always be the case because "**Loss** shall have the meaning set forth in each applicable **Coverage Section** or any applicable endorsements attached to this policy."

29.   The Texas - Regulatory Coverage endorsement provides an amended definition of "Loss" that is "[s]olely with respect to coverage afforded by this endorsement."  For the Regulatory Coverage the "Loss" that is subject to a retention, and which erodes policy limits, no longer includes Defense Expenses.

30.   Therefore, in the case of a Regulatory Claim triggering the Policy's Regulatory Coverage, RSUI has a duty to defend with no retention and that does not erode policy limits.  This is a common and more valuable type of defense coverage.  By this same token, in the event of any need for indemnity coverage, RSUI's liability would be limited to $250,000 excess of a $250,000 retention.

**The Coverage Claim and RSUI's Refusal to Acknowledge and Provide Coverage**

31.   The January Regulatory Claim and July Regulatory Claim (collectively, the "Regulatory Claims") each were timely tendered to RSUI for a defense under the Policy.

32.   RSUI responded by acknowledging that each of the Regulatory Claims triggers the additional coverage provided by the Texas-Regulatory Coverage endorsement, subject to an alleged reservation of rights.

33.   RSUI agreed to the selection of defense counsel for each of the Regulatory Claims.

34.   But RSUI also took the incorrect position that its defense coverage obligations for the Regulatory Claims were subject to a $250,000 retention and then limited to $250,000 of defense costs once the alleged retention is exhausted.

35.   On September 20, 2023, counsel for HealthTrackRx informed RSUI of the error in the insurer's position and of RSUI's obligation to provide "first-dollar" defense coverage outside of policy limits.

36.   On September 26, 2023, RSUI responded, reiterating its incorrect interpretation of the policy defense obligations and informing HealthTrackRx, "We stand by our previously stated coverage position."

37.   Accordingly, although significant defense costs have been incurred for the Regulatory Claims, RSUI has not paid any of those defense costs, and instead has improperly required HealthTrackRx to pay the first $250,000 of defense costs.

### FIRST CAUSE OF ACTION
**(Declaratory Relief)**

38.   HealthTrackRx incorporates the allegations of all of the preceding paragraphs of this complaint, as though fully set forth herein.

39.   There presently exists an actual and continuing controversy between HealthTrackRx and RSUI regarding RSUI's defense coverage obligations under the Policy resulting from the Regulatory Claims.

40.   HealthTrackRx contends, among other things, that the Policy obligates RSUI to provide a defense not subject to the retention and without eroding the policy limits, for both the January Regulatory Claim and the July Regulatory Claim (and the associated proceedings).

41.   RSUI disputes that contention, instead taking the position that its defense coverage obligations are limited to $250,000 in Defense Expenses and subject first to a $250,000 retention.

42.   HealthTrackRx desires a judicial determination and declaration as to these disputes concerning RSUI's duty to defend and payment of defense costs under the Policy.

43.   A judicial declaration is necessary and appropriate under these circumstances in order that the parties may ascertain their respective rights and obligations under the Policy, and also because the Regulatory Claims and need for defense coverage are ongoing.

### SECOND CAUSE OF ACTION
**(Breach of Contract)**

44.   HealthTrackRx incorporates the allegations of all of the preceding paragraphs of this complaint, as though fully set forth herein.

45.   All relevant conditions and requirements under the Policy for RSUI to have a duty to defend the January Regulatory Claim and the July Regulatory Claim, and the associated proceedings, have been satisfied.

46.   Pursuant to the terms of the Policy, RSUI has had an obligation to pay for that defense, including the defense costs already billed by its approved defense counsel, not subject to a retention and not subject to a policy limit.

47.   In breach of those obligations, RSUI has not paid any defense costs to date, nor has RSUI reimbursed any defense costs that HealthTrackRx has had to pay to defense counsel.

48.   Likewise, in both present and anticipatory breach of its Policy obligations, RSUI indicated that it will only pay $250,000 in defense costs, and that it will do so only after HealthTrackRx exhausts an inapplicable $250,000 retention.

49.   As a direct and proximate result of RSUI's breaches, HealthTrackRx has sustained substantial losses, including the attorney's fees and other costs that HealthTrackRx already incurred and will continue to incur for the defense of the Regulatory Claims and associated proceedings.

## THIRD CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

50.   HealthTrackRx incorporates the allegations of all of the preceding paragraphs of this complaint, as though fully set forth herein.

51.   RSUI has taken an unreasonably narrow interpretation of its duty to defend associated with the Policy's Regulatory Coverage, which is contradicted by the Policy language and basic rules of insurance contract interpretation.

52.   HealthTrackRx has pointed out these errors to RSUI, but RSUI refuses to alter its position, instead standing by its erroneous position without reasonable explanation.

53.   These actions and inactions show that RSUI is improperly placing its own self-interest in limiting or reducing its coverage payment obligations ahead of the interests and needs of its policyholder who has the right to an immediate and full defense.

54.   Likewise, on information and belief, RSUI did not conduct a proper investigation of its defense coverage obligations under the Policy, as RSUI's position is contrary to the Policy language and applicable insurance law principles.

55.   RSUI either knows better or should know better, and its unreasonable conduct is a breach of the covenant of good faith and fair dealing and constitutes bad faith.

56.   As a proximate result of RSUI's misconduct, HealthTrackRx has been damaged as alleged, including by having to incur the time and resources to file and prosecute this litigation to establish and enforce its coverage rights.  The full amount of such damages will be proven at trial.

## PRAYER FOR RELIEF

**Wherefore**, plaintiff HealthTrackRx prays for judgment as follows:

**On the First Cause of Action:**

1.   For the Court to order and declare that, under the Policy, RSUI is obligated to provide defense coverage, not subject to a retention and not subject to a policy limit, for HealthTrackRx's incurred and future defense costs for the January Regulatory Claim and July Regulatory Claim and the associated proceedings.

**On the Second Cause of Action:**

2.   For compensatory damages in an amount to be proven at trial;

**On the Third Cause of Action:**

3.   For compensatory damages in an amount to be proven at trial, including its attorney's fees and other expenses incurred in prosecuting the First and Second Causes of Action in this lawsuit.

**On All Causes of Action:**

4.      For its costs of suit;

5.      For pre-judgment and post-judgment interest at the maximum legal rate on all sums awarded; and

6.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

HealthTrackRx hereby demands a trial by jury on all issues so triable.

Dated:  December 1 2023                     HALPERN MAY YBARRA GELBERG LLP

                                                           __/s/ Marc D. Halpern_____
                                                           Marc D. Halpern (California #216426)
                                                           Douglas J. Brown (California #248673)
                                                           600 W Broadway, Suite 1060
                                                           San Diego, CA 92101
                                                           Phone: (619) 618-7000
                                                           Fax: (619) 618-7001
                                                           marc.halpern@halpernmay.com
                                                           douglas.brown@halpernmay.com
                                                           (*pro hac vice* applications forthcoming)

                                                           Chad Arnette
                                                           Texas Bar No. 24014751
                                                           KELLY HART & HALLMAN LLP
                                                           201 Main Street, Suite 2500
                                                           Fort Worth, Texas 76102
                                                           (817) 878-3561 (Phone)
                                                           (817) 989-9761 (Fax)
                                                           *chad.arnette@kellyhart.com*

                                                           ***Attorneys for Plaintiff***
                                                           ***HealthTrackRx Indiana, Inc.***